# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## Case No. 23-1

---

### THE UNITED STATES OF AMERICA
**Plaintiff - Appellee**

v.

### JAMES H. ROANE, JR.
**Defendant - Appellant**

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION
### (NO. 3:92CR68; 3:22CV98)

---

## BRIEF FOR APPELLANT

---

Joanne Heisey
Jules Welsh
Assistant Federal Defender
Federal Community Defender Office
  for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Joanne_Heisey@fd.org
Jules_Welsh@fd.org
(215) 938-0520

Dated: March 30, 2023

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. i

TABLE OF AUTHORITIES .................................................................... ii

JURISDICTIONAL STATEMENT ......................................................... 1

STATEMENT OF THE ISSUES PRESENTED ...................................... 2

STATEMENT OF THE CASE ................................................................. 2

SUMMARY OF THE ARGUMENT ....................................................... 5

STANDARD OF REVIEW ..................................................................... 6

ARGUMENT .......................................................................................... 7

   I.   MR. ROANE'S PREDICATE CONVICTIONS UNDER § 1959(a)
      AND § 848(e) ARE NOT CRIMES OF VIOLENCE FOLLOWING
      *DAVIS* AND *BORDEN*. ................................................................. 7

      A.   The § 1959(a) convictions are not crimes of violence. ................... 11

      B.   The § 848(e) convictions are not crimes of violence. ...................... 20

   II.   THERE IS MORE THAN A REASONABLE POSSIBILITY THAT
      MR. ROANE'S § 924(c) CONVICTIONS RESTED ON INVALID
      PREDICATES............................................................................. 26

CONCLUSION AND PRAYER FOR RELIEF ...................................... 30

# TABLE OF AUTHORITIES
## Federal Cases

*Borden v. United States*, 141 S. Ct. 1817 (2021) ........................................... *passim*

*Buck v. Davis*, 137 S. Ct. 759 (2017) ....................................................... 7

*Descamps v. United States*, 570 U.S. 254–61 (2013) ........................... 9, 10, 16, 17

*Garcia v. Gonzales*, 455 F.3d 465 (4th Cir. 2006) ............................... 14

*In re Roane*, 132 S. Ct. 390 (2011) ....................................................... 3

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ............................... 3-4

*Miller-El v. Cockrell*, 537 U.S. 322 (2003) ......................................... 7

*Moncrieffe v. Holder*, 569 U.S. 184 (2013) ....................................... 11, 13

*Ortiz v. Lynch*, 796 F.3d 932 (8th Cir. 2015) ..................................... 10

*Paul v. Superintendent, No. 2:13-cv-00304,*
*2022 WL 3043526 (S.D. Ind. Aug. 2, 2022)* ....................................... 15

*Quinteros v. Attorney General of the United States,*
*945 F.3d 772 (3rd Cir. 2019)* ............................................................... 12

*Roane v. United States*, 520 U.S. 1253 (1997) ..................................... 3

*Roane v. United States*, 546 U.S. 810 (2005) ....................................... 3

*Shepard v. United States*, 544 U.S. 13 (2005) ................................... 9, 10

*Slack v. McDaniel*, 529 U.S. 473 (2000) ............................................. 6

*Umana v. United States*, 229 F.Supp.3d 388 (M.D.N.C. 2017) ............ 16

*United States v. Ali*, 991 F.3d 561 (4th Cir. 2021) ............................. 27

*United States v. Alvarez*, 266 F.3d 587–95 (6th Cir. 2001) ................. 23

*United States v. Capers*, 20 F.4th 105 (2d Cir. 2021) ............... 12, 28, 29

*United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012) ................... 10

*United States v. Clay*, 627 F.3d 959 (4th Cir. 2010) ......................... 10

*United States v. Davis*, 139 S. Ct. 2319 (2019) ..................... 1, 4, 5, 8

*United States v. Diaz-Ibarra*, 522 F.3d 343 (4th Cir. 2008) ................. 9

*United States v. Evans*, 848 F.3d 242–46 (4th Cir. 2017) ..................... 8

*United States v. Fuertes*, 805 F.3d 485 (4th Cir. 2015) ............. 8, 10, 26

*United States v. Greer*, 20 F.4th 1075 (5th Cir. 2021) ......................... 24

*United States v. Hager*, 721 F.3d 167 (4th Cir. 2013) .......................................... 25

*United States v. Heyward*, 3 F.4th 75 (2d Cir. 2021) ...................................... 28, 29

*United States v. Jackson*, 32 F.4th 278 ................................................................ 16

*United States v. Jones*, 935 F.3d 266 (5th Cir. 2019) ............................ 12, 28, 29

*United States v. Manley*, 52 F.4th 143 (4th Cir. 2022) ............................ 15-16, 23

*United States v. Mathis*, 932 F.3d 242 (4th Cir.) .................................................. 9

*United States v. Mayhew*, 995 F.3d 171 (4th Cir. 2021) ........................................ 7

*United States v. McClaren*, 13 F.4th 386 (5th Cir. 2021) ............................... 28, 29

*United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018) ............................. 12, 13

*United States v. Naughton*, 621 F. App'x 170 (4th Cir. 2015) ............................ 26

*United States v. NJB*, 104 F.3d 630 (4th Cir. 1997) ....................................... 20, 21

*United States v. Roane*, 51 F.4th 541 (4th Cir. 2022) ............................................ 4

*United States v. Roane*, 378 F.3d 382 (4th Cir. 2004) ........................................... 3

*United States v. Said*, 26 F.4th 653 (4th Cir. 2022) ........................................ 26-27

*United States v. Simmons*, 11 F.4th 239 (4th Cir. 2021) ...................................... 12

*United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc) .............. 5, 8, 9, 12

*United States v. Smith*, 723 F.3d 510 (4th Cir. 2013) .......................................... 26

*United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996) ............................................. 3

*United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) .............. 9, 11, 16, 22

*United States v. Turner*, 198 F.3d 425 (4th Cir. 1999) ........................................ 20

*United States v. White*, 2023 WL 1234398 (6th Cir. 2023) .................................. 24

*United States v. Winston*, 55 Fed. App'x 289–01 (6th Cir. 2003) ........................ 23

**Federal Statutes**

18 U.S.C. § 924 ...................................................................................... *passim*

18 U.S.C. § 1959 .................................................................................... *passim*

21 U.S.C. § 846 ............................................................................................. 3

21 U.S.C. § 848 ...................................................................................... *passim*

28 U.S.C. § 1291 .......................................................................................... 2

28 U.S.C. § 2253 .......................................................................................... 6

28 U.S.C. § 2255 ...................................................................................... 1, 3

**State Statutes**

Va. Code Ann. § 18.2-32 ........................................................................ 23

James H. Roane, Jr., through undersigned counsel, respectfully submits this Opening Brief pursuant to the Court's January 4, 2023, Order and requests a certificate of appealability (COA) and relief from his convictions under 18 U.S.C. § 924(c) in light of the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Borden v. United States*, 141 S. Ct. 1817 (2021). The predicate offenses underlying Mr. Roane's four convictions for the use of a firearm during a crime of violence – convictions under §§ 1959(a) and 848(e)(1)(A) – categorically fail to qualify as crimes of violence under the force clause of § 924(c)(3)(A) because neither one requires the intentional use, attempted use, or threatened use of physical force against a person or property. The resulting error is not harmless because there is more than a reasonable possibility that Mr. Roane's § 924(c) convictions rested solely on invalid predicates. For these reasons, Mr. Roane asks that this Court grant COA, address the merits of his claims, and vacate his § 924(c) convictions and their attendant sentences.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over Mr. Roane's successive motion to vacate under 28 U.S.C. § 2255(a), § 2255(h)(2), and § 1331. The district court denied the motion and entered judgment against Mr. Roane by an order dated November 3, 2022. Mr. Roane timely filed his notice of appeal on December 30,

2022. *See* Fed. R. App. P. 4(a)(1)(B)(i). This Court has jurisdiction over the appeal under 28 U.S.C. § 1291 and § 2253(a).

## STATEMENT OF THE ISSUES PRESENTED

The issues presented on appeal are: (1) whether the district court erred as a matter of law in ruling that Mr. Roane's convictions under 18 U.S.C. § 1959(a) and 21 U.S.C. § 848(e) remain valid "crime of violence" predicates under the force clause of § 924(c)(3)(A) following the Supreme Court's decisions in *Davis* and *Borden*; and (2) whether the district court erred in holding that any error in the jury instructions was harmless.

## STATEMENT OF THE CASE

Following a jury trial in the Eastern District of Virginia, Mr. Roane was convicted in 1993 of several counts, including four counts of using a firearm in the commission of a crime of violence or drug trafficking crime under 18 U.S.C. § 924(c) (Counts 6, 9, 12, and 15); five counts of violating 18 U.S.C. § 1959(a) in relation to four killings and a maiming in furtherance of racketeering (Counts 7, 10, 13, 14, and 16); and three counts of violating 21 U.S.C. § 848(e)(1)(A) in relation to three of the killings in furtherance of a continuing criminal enterprise (CCE) (Counts 5, 8, and 11).

Of the § 924(c) counts at issue in this appeal, three counts—Counts 6, 9, and 12—alleged use of a firearm in the course of predicate offenses charged under

2

§ 1959(a) and § 848(e)(1)(A).  Count 15 alleged use of a firearm in the course of predicate offenses charged under § 1959(a).

This Court affirmed but vacated Count 1 charging a violation of 21 U.S.C. § 846.  *See United States v. Tipton*, 90 F.3d 861, 869-70 (4th Cir. 1996).  The Supreme Court denied certiorari.  *Roane v. United States*, 520 U.S. 1253 (1997).

Mr. Roane subsequently filed a motion under 28 U.S.C. § 2255 in the district court and was granted relief as to one of the § 848 counts.  *See* Order, *United States v. Roane*, No. 92-68 (E.D. Va. May 1, 2003).  This Court reversed that grant of relief and affirmed the district court's opinion on all other grounds.  *United States v. Roane*, 378 F.3d 382, 411 (4th Cir. 2004).  Again, the Supreme Court denied certiorari.  *Roane v. United States*, 546 U.S. 810 (2005).

In 2009, Mr. Roane sought approval from this Court to file a second or successive § 2255 motion on the basis of newly discovered evidence demonstrating that Mr. Roane is actually innocent of one of the § 848 convictions.  This Court denied leave to file a successive motion under § 2255.  Order, *In re Roane*, No. 09-8 (4th Cir. July 13, 2010).  Mr. Roane also filed an original habeas petition in the Supreme Court, which was denied.  *In re Roane*, 132 S. Ct. 390 (2011).

In 2016, Mr. Roane applied to this Court for leave to file a successive motion under § 2255 pursuant to the Supreme Court's holding in *Johnson v. United States*,

135 S. Ct. 2551 (2015).  This Court denied the application.  Order, *In re Roane*, No. 16-6 (4th Cir. June 6, 2016).

On May 20, 2020, Mr. Roane applied to this Court for leave to file a successive motion under § 2255 pursuant to the Supreme Court's holding in *Davis*, 139 S. Ct. at 2336.

While that application was pending, Mr. Roane filed in the district court a motion for reduced sentence pursuant to the First Step Act, which was denied. Order, *United States v. Roane*, No. 3:92-cr-68 (E.D. Va. Oct. 29, 2020).  This Court affirmed.  *United States v. Roane*, 51 F.4th 541 (4th Cir. 2022).

In the meantime, this Court granted Mr. Roane's application to file a successive motion under § 2255.  Order, *In re Roane*, No. 20-7 (4th Cir. Jan. 24, 2022).  Following this Court's authorization, the district court granted Mr. Roane leave to file an amended § 2255 motion, which he lodged on February 18, 2022.  The district court denied Mr. Roane's motion and denied a certificate of appealability.[1] JA226.  Mr. Roane filed a timely notice of appeal from that order.  JA278.

---

[1] Prior to denying Mr. Roane's motion, the district court denied a similar motion filed by his codefendant Richard Tipton challenging his convictions under § 924(c) resting alternately on violations of § 848(e) as predicates.  The court incorporated by reference its reasoning as to the § 848(e) predicates from its memorandum opinion denying Mr. Tipton's § 2255 motion.  JA239.  That opinion is included in the Joint Appendix.  JA248.

4

After being granted one 45-day extension of time (ECF No. 13), Mr. Roane now files this brief pursuant to this Court's January 4, 2023, preliminary briefing order. (ECF No. 5).

## SUMMARY OF THE ARGUMENT

The predicate offenses underlying Mr. Roane's four convictions for the use of a firearm during a crime of violence do not qualify as crimes of violence under 18 U.S.C. § 924(c). Section 924(c) defines a crime of violence in two alternate clauses: the force clause under § 924(c)(3)(A) and the residual clause under § 924(c)(3)(B).

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court determined that the residual clause of § 924(c)(3)(B) is void for vagueness. Thus, the predicate offenses only remain valid crimes of violence if they fall under the force clause of § 924(c)(3)(A). And Mr. Roane's convictions under §§ 1959(a) and 848(e)(1)(A) categorically fail to qualify as crimes of violence under the force clause of § 924(c)(3)(A) because neither one requires, *as an element*, the intentional use, attempted use, or threatened use of physical force against a person or property. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc).

Under 18 U.S.C. § 1959(a), a person may be convicted of the crime based on a determination that he or she conspired to commit one of the principal offenses (here, either murder or maiming), and in Mr. Roane's case, the jury was so instructed. JA1524-25. It is well settled that conspiracy fails to qualify as a "crime

5

of violence" because it can be committed without the use of any physical force. Alternatively, the underlying offense of murder fails to qualify as a "crime of violence" because Mr. Roane was not charged under any specific murder statute that requires the intentional use of physical force. Likewise, the underlying offense of maiming fails to qualify as a "crime of violence" because the maiming charge did not incorporate any statute requiring the intentional use of physical force.

The predicate offenses under 21 U.S.C. § 848(e) also fail to qualify as crimes of violence because § 848(e) can be accomplished by a reckless killing.

Finally, the error in the jury instructions was not harmless because there is more than a reasonable possibility that the § 924(c) convictions rested on the invalid, rather than the valid, predicate offenses. Accordingly, Mr. Roane is entitled to relief from his § 924(c) convictions.

## STANDARD OF REVIEW

To obtain a COA, the applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A COA should issue where "reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The COA requirement contemplates only a threshold inquiry that should not "place[] too heavy a burden

on the prisoner at the COA stage." *Buck v. Davis*, 137 S. Ct. 759, 774 (2017). A "court of appeals should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims." *Id.* at 773; *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003).

On the merits, the Court reviews the district court's legal conclusions de novo on appeal from the denial of a § 2255 motion. *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021).

## ARGUMENT

Mr. Roane respectfully requests a certificate of appealability and relief from his convictions and sentences under 18 U.S.C. § 924(c) in light of the Supreme Court's decisions in *Davis* and *Borden*.

## I.  MR. ROANE'S PREDICATE CONVICTIONS UNDER § 1959(a) AND § 848(e) ARE NOT CRIMES OF VIOLENCE FOLLOWING *DAVIS* AND *BORDEN*.

Mr. Roane was convicted, inter alia, of four counts of using a firearm in the commission of a crime of violence or drug trafficking crime. *See* 18 U.S.C. § 924(c). Specifically, three counts—Counts 6, 9, and 12—alleged use of a firearm in the course of predicate offenses charged under 18 U.S.C. § 1959(a) and 21 U.S.C. § 848(e)(1)(A). Count 15 alleged use of a firearm in the course of predicate offenses charged under 18 U.S.C. § 1959(a).

Prior to the Supreme Court's decision in *Davis*, in order for a predicate

offense to qualify as a crime of violence, the underlying crime had to fall under one of § 924(c)'s two definitions: § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause."[2] In *Davis*, however, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague. 139 S. Ct. at 2336. Thus, Mr. Roane's predicate offenses remain valid predicates only if they constitute a "crime of violence" under the force clause.

To determine whether a predicate crime constitutes a "crime of violence," the court applies the categorical approach. *See United States v. Evans,* 848 F.3d 242, 245–46 (4th Cir. 2017); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). Under this approach, the court determines only "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *Simms*, 914 F.3d at 233. To conduct this analysis, a court must "look only to the statutory definitions—*i.e.*, the elements—of a defendant's [offense] and not to

---

[2] Section 924(c)(3) provides:

(3)  For purposes of this subsection the term "crime of violence" means an offense that is a felony and–

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

the particular facts underlying [the offense]." *Id.* In other words, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by the statute, including the least culpable conduct, matches or is narrower than the "crime of violence" definition. *See United States v. Torres-Miguel,* 701 F.3d 165, 167 (4th Cir. 2012); *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008) ("We look only to the statutory definition of the . . . crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'"). If the underlying offense "sweeps more broadly" than § 924(c)'s definition, it categorically fails to constitute a crime of violence and does not support a § 924(c) conviction. *Descamps v. United States*, 570 U.S. 254, 260–61 (2013).

If necessary, the court may employ the "modified categorical approach," and consult a select few documents to help "'determine what crime, with what elements,' formed the basis of a defendant's conviction." *United States v. Mathis*, 932 F.3d 242, 264 (4th Cir.) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). These documents, known as *Shepard* documents, are generally limited to the indictment, jury instructions, and verdict form. *See Shepard v. United States*, 544 U.S. 13, 26 (2005). In these cases, the modified categorical approach "acts not as an exception [to the categorical approach] but instead as a tool," and the inquiry is

similarly confined to the elements of the crime and not the facts of the case. *Descamps*, 570 U.S. at 261-262.

Under the modified categorical approach, an offense cannot qualify as a § 924(c) predicate unless the *Shepard* documents establish with "certainty" that the defendant was "necessarily" convicted of an offense that meets the elements-based test for "crimes of violence." *Shepard*, 544 U.S at 21. In a case like this, "plausibility or even likelihood" that the defendant was convicted of a qualifying "crime of violence" is not enough. *United States v. Clay*, 627 F.3d 959, 967 (4th Cir. 2010). This high bar protects against the kind of "evidentiary inquiries into the factual basis for the conviction" that the categorical approach was designed to avoid. *Shepard*, 544 U.S. at 21, 22; *Fuertes*, 805 F.3d at 498.

When it cannot be conclusively determined that the defendant was convicted of an offense the elements of which categorically qualify as a "crime of violence," the court should assume he was convicted of the "least serious" offense criminalized under the underlying statute. *See United States v. Chapman*, 666 F.3d 220, 228 (4th Cir. 2012) (looking to "the least serious of the statutory conduct" only to determine which crime a defendant pleaded guilty to); *see also Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) ("[W]e must presume [Ortiz's] conviction rested upon [nothing] more than the least of th[e] acts criminalized." (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1680 (2013)) (alterations in original)).

Applying this law here, neither Mr. Roane's § 1959 offenses nor his § 848 offenses qualify as crimes of violence under the § 924(c) force clause. Therefore, his § 924(c) offenses are invalid.

### A. The § 1959(a) convictions are not crimes of violence.

#### 1. Conspiracy to murder or maim under § 1959 is not a crime of violence.

Mr. Roane, along with his codefendants, was convicted of five counts of violating § 1959(a) in relation to four killings and a maiming (Counts Seven, Ten, Thirteen, Fourteen, and Sixteen). In relevant part, § 1959(a) allows for the conviction of anyone who murders or maims in aid of racketeering, "or attempts or conspires to do so." Accordingly, Mr. Roane's jury was instructed that it could find him guilty of the counts charged under § 1959 if it found that he "did knowingly and intentionally commit *or conspire to commit* the crime charged in the particular count under consideration." JA1525 (emphasis added). The jury was not required to make any finding specifying on what ground it convicted Mr. Roane of the § 1959 charges. JA305-07.

Under the categorical approach, this Court must determine whether "the most innocent conduct" criminalized by the statute "qualifies as a 'crime of violence.'" *United States v. Torres-Miquel*, 701 F.3d 165, 167 (4th Cir. 2012); *see also Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (under the categorical approach, "we must presume that the conviction 'rested upon [nothing] more than the least of

11

th[e] acts' criminalized." (quoting *Johnson v. United States,* 559 U.S. 133, 137 (2010)); *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015); *United States v. Kelly*, 422 F.3d 889, 894 (9th Cir. 2005).

Applying this approach, this Court must assume the jury convicted Mr. Roane based on "the most innocent conduct" charged under § 1959(a)—conspiracy, rather than actual murder or maiming. This Court has held that, under the categorical approach, conspiracy to commit murder in aid of racketeering under § 1959(a) is not a crime of violence. *United States v. McCollum*, 885 F.3d 300, 307-09 (4th Cir. 2018); *see also Quinteros v. Attorney General of the United States*, 945 F.3d 772, 783 (3rd Cir. 2019) (conspiracy under § 1959(a) is not a crime of violence because an individual can be convicted "without the use, attempted use, or threatened use of physical force"). Indeed, courts around the country have held generally that conspiracy is not a crime of violence because it can be committed with a mere agreement to commit a crime, which does not require the use, attempted use, or threatened use of physical force. *See, e.g., United States v. Simmons*, 11 F.4th 239, 260 (4th Cir. 2021) (aggravated "RICO conspiracy is not categorically a crime of violence."); *Capers*, 20 F.4th at 120 (same); *United States v. Jones*, 935 F.3d 266, 270 (5th Cir. 2019) (same); *Simms*, 914 F.3d at 229 (conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)).

Because this Court must assume that Mr. Roane's § 1959(a) convictions rested on the most innocent conduct charged under the statute—conspiracy—the § 1959(a) convictions do not constitute a crime of violence under the force clause of § 924(c)(3)(A).

The district court did not even address the conspiracy element of Mr. Roane's § 1959 charges. Instead, the district court simply held that the underlying offenses of murder are crimes of violence and ended its analysis there. This analysis ignores the categorical approach, which requires courts to determine whether "the most innocent conduct" criminalized by the statute "qualifies as a 'crime of violence.'" *Moncrieffe*, 569 U.S. at 190–91. Here, the most innocent conduct criminalized by § 1959(a) is conspiracy, which is not a crime of violence. *See McCollum*, 885 F.3d at 307–09.

**2. Alternatively, the underlying § 1959 offenses are not crimes of violence.**

Even if this Court were to look past the "most innocent conduct"—conspiracy—to the underlying crimes charged—murder and maiming—these offenses still do not qualify as crimes of violence following *Davis* and *Borden*.

### a. The underlying "murder" does not qualify as a crime of violence under the categorical approach.

### i. The underlying "murder" does not require the purposeful and knowing use of violent force.

Even assuming *arguendo* that Mr. Roane's § 1959(a) counts were predicated on murder itself rather than conspiracy, they still fail to qualify as § 924(c) "crimes of violence" after *Davis* under the elements-based categorical approach because the record fails to establish that Mr. Roane was convicted of a murder offense that requires the intentional use of physical force.

In *Borden v. United States*, the Supreme Court held that a *mens rea* of recklessness is insufficient to satisfy the force clause. 141 S. Ct. 1817, 1825, n.4 (2021). Accordingly, a crime that could be committed with a lesser level of intent sweeps more broadly than § 924(c) allows and cannot qualify as a "crime of violence" under the elements clause. *See id.*; *Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006) ("[The predicate state statute] does not contain an element that there be the intentional employment of physical force against a person or thing, and thus is beyond the scope of 18 U.S.C. § 16(a)."). In Mr. Roane's case, § 1959(a) fails under this standard because the record here is devoid of any reference to a specific "murder" statute to which the categorical, elements-based approach required by *Davis* could be applied. Indeed, neither the indictment, nor the jury instructions, nor the jury's verdict references a specific "murder" charge or statute.

14

To be sure, an elements-based analysis of a murder statute can only occur where there is a statute to analyze. And in this case, given the lack of any reference to a specific murder statute, it is impossible to determine whether Mr. Roane was convicted of "murder" with the requisite *mens rea* to support his § 924(c) conviction after *Davis*. As a result, it cannot be said that he was convicted of a crime that is categorically a "crime of violence." *See Paul v. Superintendent*, No. 2:13-cv-00304, 2022 WL 3043526, at \*7 (S.D. Ind. Aug. 2, 2022) (holding that underlying predicate could not meet *Borden*'s *mens rea* requirement for a crime of violence where, as here, the "indictment and jury instructions did not reference—or include the elements of—any statutory offense as a predicate for his § 924(c) charge").

The district court acknowledged that Mr. Roane's § 1959 charges "d[id] not cross-reference a state or federal statute underlying the murder charge" but instead conducted its categorical analysis by "look[ing] to other potential sources of a murder charge." JA243. The court then held that Mr. Roane's underlying murder convictions were crimes of violence whether they "stem[med] from a violation of Virginia's murder statute, common-law murder or the federal murder statute." JA245-46. But this conclusion sidesteps the critical fact that Mr. Roane's § 1959 charges did not *actually* incorporate *any* of these statutes. Indeed, all of the cases on which the district court relies incorporate an actual murder statute to which the categorical approach could be applied. *See, e.g., United States v. Manley*, 52 F.4th

143 (4th Cir. 2022) (VICAR murder premised on Virginia's first- and second-degree murder statute); *Umana v. United States*, 229 F.Supp.3d 388 (M.D.N.C. 2017) (VICAR murder premised on North Carolina murder statute); *United States v. Jackson*, 32 F.4th 278 (federal premeditated first-degree murder statute). These cases are therefore inapposite.

"Murder," broadly speaking, is not categorically a crime of violence. In determining whether "murder," broadly, is a crime of violence, this Court must look to "the most innocent conduct" that could fall under the umbrella of "murder." *See Torres-Miquel*, 701 F.3d at 167. And as this Court has held, some murders are not "crimes of violence." *See, e.g., Jackson*, 32 F.4th at 285 ("Felony murder cannot qualify as a 'crime of violence' because it requires only the mens rea necessary to attempt or complete the underlying felony…[which] is not more than recklessness and thus, does not satisfy *Borden*."). Because "the most innocent conduct" falling under the umbrella of "murder" is not a crime of violence, the "murder" as charged here cannot serve as a valid predicate following *Borden*.

> ii. **The modified categorical approach cannot be applied to ascertain the type of "murder" charged.**

Although the Supreme Court has authorized courts to "consult a limited class of documents, such as indictments and jury instruction," under the modified categorical approach to determine if the predicate offense is a crime of violence, *Descamps*, 570 U.S. at 257–58, this approach is not appropriate here. The modified

categorical approach can only be used in the case of a divisible statute, which "sets out one or more elements of the offense in the alternative." *Id.* at 257. A statute is divisible when it "sets out one or more elements of the offense in the alternative— for example, stating that burglary involves entry into a building or an automobile." *Id.* Here, because Mr. Roane's § 1959(a) murder charge did not reference any specific murder statute, there is no indication that he was charged under a statute that "set[] out one or more elements of the offense in the alternative," or was otherwise charged under a divisible statute. In other words, Mr. Roane was not charged with violating a divisible murder statute because he was not charged with violating *any* murder statute, period. *Descamps* therefore prohibits the consideration of additional materials. The categorical approach should be taken and, under that approach, the predicate offense fails to satisfy *Borden*.

Ignoring these limitations on the use of the modified categorical approach, the district court looked to the *Shepard* documents to conclude that Mr. Roane was charged with a knowing and intentional murder. JA244 ("[T]he *Shepard* documents demonstrate that Defendant was charged with intent to kill murder rather than felony murder."); JA245 ("[T]he *Shepard* documents indicate that the jury convicted Defendant of a premeditated murder."). On this basis, the district court concluded that the "murder" of which Mr. Roane was convicted was a crime of violence. But *Descamps* prohibits courts from considering the *Shepard* documents to ascertain the

type of "murder" charged in this scenario. Correctly applying the categorical approach, "murder" fails to qualify as a valid predicate crime of violence.

> ### iii. Even if the modified categorical approach is applied, it still does not demonstrate that the underlying murder is a crime of violence.

Finally, even if it were appropriate to apply the modified categorical approach—which it is not—the charging documents here still do not establish that the underlying murder is categorically a crime of violence. Under *Borden*, a crime of violence requires the knowing or intentional *use of violent force*. Here, the indictment charged that Mr. Roane "knowingly, intentionally, and unlawfully cause[d] the murder" in question. JA288-93. The jury instructions required a finding that the "defendant did knowingly and intentionally commit or conspire to commit the crime charged." JA1525. But the "knowing and intentional" *mens rea* was not attached to any use of force as required under *Borden*, and the elements as charged could still be satisfied without the knowing or intentional use of violent force.

For instance, a felony murder can be accomplished by an underlying crime that is intentional, even though the crime does not require an intentional death or the use of intentional force in any other way. For example, when death results in the course of an intentional burglary (a crime that clearly has no element of force), it is felony murder. In this way, felony murder is intentional, even though it does not

require the intentional use of force.  Therefore, the jury instructions did not exclude felony murder as the basis of the § 1959 conviction.   And felony murder categorically fails to qualify as a § 924(c) crime of violence after *Borden* (as this Court held in *Jackson*).  Therefore, the § 924(c) convictions in this case cannot be sustained based on a § 1959 murder.

### b.    Maiming categorically fails to qualify as a crime of violence and thus cannot support Mr. Roane's § 924(c) convictions.

A similar analysis of Mr. Roane's "maiming" charge leads to the same conclusion.  Like the underlying "murder" charge, the indictment fails to identify a particular statute defining "maiming," and the jury instructions say even less about maiming than they do about murder.   As a result, it is impossible to determine whether Mr. Roane was convicted of a crime that would categorically qualify as a "crime of violence."

The district court did not even opine on whether Mr. Roane's underlying maiming charge remains a valid crime of violence predicate, holding that it "need not reach [that] question today, as Defendant's VICAR Murder conviction plainly constitutes a valid crime of violence predicate."[3]  JA244.  In a footnote, however, the district court noted that in *Manley*, this Court held that a VICAR assault conviction premised on Virginia's unlawful wounding statute would constitute a

---

[3] This holding was based on the court's misunderstanding of the harmless error standard, discussed in Part II., infra.

crime of violence; based on that holding, the district court concluded that "it appears that Count Sixteen could support a § 924(c) conviction as well." *Id.*

The district court was plainly incorrect in its assumption that Count 16 could serve as a valid § 924(c) predicate based on *Manley*. As with the murder charges, Mr. Roane's maiming charge did not incorporate the Virginia statute or *any* statute; thus *Manley* is inapposite. Because the maiming charge did not incorporate any statute to which the categorical approach could be applied, the underlying maiming charge likewise cannot serve as a valid crime of violence predicate.

## B.     The § 848(e) convictions are not crimes of violence.

### 1.     Mr. Roane's § 848(e) charges were prosecuted as crimes of violence.

Mr. Roane's § 848(e) convictions were prosecuted as crimes of violence, not drug-trafficking crimes, and are, therefore, not valid predicates. The district court's reasoning—that the crimes for which Mr. Roane was prosecuted under § 848(e) are valid predicates because they are drug-trafficking crimes and not "crimes of violence"—ignores this Court's precedent. *See* JA262-63. This Court has routinely found that § 848(e) is a "crime of violence," not a drug trafficking crime. *See United States v. Turner*, 198 F.3d 425, 432 (4th Cir. 1999) (concluding that § 848(e)(1)(A) is "a substantive crime of violence"); *United States v. NJB*, 104 F.3d 630, 635 (4th Cir. 1997) ("§ 848(e) clearly sets forth a separate substantive violent offense"). The district court ignores this clear precedent, and cites instead to contradicting Second

Circuit precedent. *See id*. at 16. This Court should correct the district court's misstep.

The district court reasoned that the convictions under 848(e)(1)(A) are valid predicates because they "necessarily implicate drug trafficking offenses." *Id*. This logic fails, however, to prove that the § 848(e) crimes were *themselves* inherently drug-trafficking crimes sufficient to serve as a predicate offense. Money laundering or tax evasion, for example, may "implicate" drug-trafficking, but that does not make them drug-trafficking crimes. Even a "substantive connection" between an offense and drug trafficking is not sufficient to establish that an offense is a valid predicate under § 924(c).

This Court cannot assume that the jury convicted Mr. Roane of the § 924(c) charges based on predicate drug trafficking offenses. While it is possible that the jury could have found that the predicate offenses under § 848(e)(1)(A) constituted drug trafficking crimes, the *Shepard* documents fall far short of establishing with "certainty" how § 848(e) was considered by the jury. In the jury instructions, the court never identifies which counts were drug trafficking crimes, merely stating generally that "[t]he offenses alleged . . . are crimes of violence or drug trafficking crimes." JA1526. Because this Court cannot assume that the jury convicted Mr. Roane of the § 924(c) charges based on predicate drug trafficking offenses, and because Mr. Roane's § 848(e)(1)(A) convictions do not require the use of physical

force by the defendant, these convictions cannot serve as valid predicates for Mr. Roane's § 924(c) convictions.

### 2. Mr. Roane's convictions under 21 U.S.C. § 848(e)(1)(A) do not qualify as crimes of violence under the force clause of § 924(c)(3)(A).

As with Mr. Roane's § 1959 convictions, this Court must determine whether "the most innocent conduct" criminalized by § 848(e) "qualifies as a 'crime of violence.'" *Torres-Miquel*, 701 F.3d at 167. Following *Borden*, to qualify as a crime of violence the underlying statute—here, § 848(e)(1)(A)—must require the defendant to have used, attempted to use, or threatened to use physical force with a *mens rea* greater than recklessness. *Borden*, 141 S. Ct. at 1825. Mr. Roane's convictions under § 848(e)(1)(A) do not categorically qualify as crimes of violence under § 924(c)(3)(A) because they do not require the intentional use of physical force by the defendant.

### a. Mr. Roane's § 848(e) convictions are not valid crimes of violence post-*Borden* because they do not require a *mens rea* greater than recklessness.

The mens rea required for the predicate crime § 848(e) is no more than "a grave risk of death," a level that falls short of the intent required for a crime of violence under *Borden*. As the Sixth Circuit has recognized, an "intentional killing" under § 848(e) "could be read to include" a variety of acts, including "intentionally engag[ing] in conduct which the defendant knew would create a grave risk of death

22

to a person other than one of the participants in the offense and resulting in death to the victim." *United States v. Alvarez*, 266 F.3d 587, 594–95 (6th Cir. 2001). Similarly, the Modern Federal Jury Instructions include language regarding a "grave risk of death." The "risk" of death does not involve the intentional use of physical force. *See also United States v. Winston*, 55 Fed. App'x 289, 300–01 (6th Cir. 2003) (upholding a murder instruction that allowed for conviction based on a mens rea of extreme recklessness, a question left open by *Borden*). The district court's use of a jury instruction permitting a finding of guilt on the basis of this mens rea, and the Sixth Circuit's endorsement of it, provides the reasonable probability that a § 848(e) crime could be prosecuted on the basis of this reduced level of intent.

Because § 848(e) includes offenses that can be committed with a *mens rea* of less than purposeful or knowing conduct, it does not satisfy *Borden* and does not categorically qualify as a crime of violence under § 924(c). This Court's holding in *Manley*, 52 F.4th 143, is easily distinguishable. There, the Court held that Virginia's second-degree murder statute qualified as a violent felony under *Borden*. Under Virginia law, the crime of second-degree murder requires "extreme recklessness," defined as malicious conduct likely to cause death or great bodily harm that was *willfully or purposefully* undertaken. *Id* at 149–150; Va. Code Ann. § 18.2-32. Unlike Virginia's second-degree murder statute, § 848(e) does not require willful or purposeful conduct.

Numerous other decisions support the conclusion that crimes that can be committed with a *mens rea* of less than purposeful or knowing conduct cannot satisfy *Borden*. In *United States v. White*, 2023 WL 1234398 (6th Cir. 2023), for example, the Sixth Circuit held that Ohio's aggravated robbery statute does not qualify as a "crime of violence" because the "offense can be committed with a *mens rea* less than purposeful or knowing conduct." Similarly, in *United States v. Greer*, 20 F.4th 1075 (5th Cir. 2021), the Fifth Circuit held, post-*Borden*, that conviction for assault family violence by impeding breathing or circulation in violation of Texas law "no longer qualifies as a 'crime of violence' because the applicable statutory subsections do not include a force element with a *mens rea* greater than recklessness." Here, too, the applicable statutory offense can be committed with a *mens rea* of less than purposeful intent, and can not fulfill the requirements set forth in *Borden*.

Here, the district court took the position that § 848(e) meets the *mens rea* requirement because it "requires an intentional killing created by the defendant's intentional behavior[.]" JA267. However, the text of the statues does not support the district court's conclusion. Section 848(e) separates the phrases "intentionally kills" from "counsels, commands, induces, procures, or causes" with the word "or." This construction suggests that the statute does not assign a heightened "intent" *mens rea* to the latter string of words, and only to the intentional killing. The district

24

court's contrary conclusion is incorrect because, as explained above, a defendant can be convicted of § 848(e) based on a *mens rea* of recklessness or knowledge of a grave risk of death. No degree of recklessness suffices to satisfy the *mens rea* required by § 924(c).

### b. The record does not establish that Mr. Roane was charged with or convicted of intentional killing.

The modified categorical approach does not support a different conclusion. The available *Shepard* documents—the indictment, the jury instructions, and the verdict form—only underscore the ambiguity of the jury's *mens rea* and use of force findings. The indictment alleged that Mr. Roane both "killed" and "counseled commanded, induced, procured, and caused" the killing. JA287-90. The jury instructions likewise allowed for a finding of guilt if Mr. Roane "either intentionally killed, or counseled, commanded, induced, procured, or caused" the killing. JA1523. The jury was never directed to pick one or the other, and the Court "must assume that the jury followed the instructions given to it by the court." *United States v. Hager*, 721 F.3d 167, 189 (4th Cir. 2013). The verdict form offers no clarity, simply referring to the "killing" without asking the jury to choose or identify the role it found Mr. Roane had played. JA305-06. Accordingly, Mr. Roane's § 848(e) convictions cannot qualify as a crime of violence within § 924(c)'s force clause.

Accordingly, the trial court charged the jury that it could find Mr. Roane guilty of the counts charged under § 848(e)(1)(A) if it found that he "*either* intentionally

killed, or counseled, commanded, induced, procured, *or* caused the intentional killing of the individual victim named in a particular count." JA1523 (emphasis added). The jury was not required to make any finding specifying which § 848(e)(1)(A) ground it convicted Mr. Roane. In other words, the *Shepard* documents show that the jury was permitted to convict Mr. Roane even if it did not find that he actually "use[d] physical force against the victim in completing the crime." *See Fuertes*, 805 F.3d at 500 (4th Cir. 2015). Because the jury was not required to find Mr. Roane actually used intentional force, his conviction does not satisfy the § 924(c)(3)(A)'s force clause. *See id*.; *United States v. Naughton*, 621 F. App'x 170, 177 (4th Cir. 2015).

## II. THERE IS MORE THAN A REASONABLE POSSIBILITY THAT MR. ROANE'S § 924(c) CONVICTIONS RESTED ON INVALID PREDICATES.

To obtain relief from his § 924(c) convictions, Mr. Roane must show that the error in the jury instructions had a "substantial and injurious effect or influence in determining the jury's verdict." *United States v. Smith*, 723 F.3d 510, 512 (4th Cir. 2013) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993)). Where the § 924(c) convictions rested on some valid and some invalid predicates, Mr. Roane must show "more than a reasonable possibility" that his convictions rested solely on the invalid predicates. *United States v. Said*, 26 F.4th 653 (4th Cir. 2022) (quoting

*Davis v. Ayala*, 576 U.S. 257, 268 (2015)). Here, there is more than a reasonable possibility that Mr. Roane's § 924(c) convictions rested on invalid predicates.

In *Said*, this Court addressed harmless error review where Said's § 924(c) convictions rested alternately on valid and invalid predicates. There, both the valid and invalid predicates all stemmed from a single attack on a commissioned Navy ship during which Said and his codefendants fired on the ship with AK-47s. This Court explained that Said was required to "show more than a reasonable possibility that the jury *only* found him guilty on [the § 924(c) counts] because it improperly considered [the now-invalid counts] to be crimes of violence." *Id.* at 662. Still, this Court "d[id] not hold that a challenge such as Said's will never succeed." *Id.* at 664; *see also United States v. Ali*, 991 F.3d 561, 575 (4th Cir. 2021) (noting that harmless error analysis in this scenario is a "case-specific and fact-intensive determination"). The Court merely found that Said had "pointed to nothing to eliminate the commonsense prospect that the jury relied on one or more of the valid predicates." *Id.*

Mr. Roane's case presents a very different factual scenario from that presented in *Said*. There, both the valid and invalid predicates were based on a single criminal transaction that occurred on a single day. Here, the various predicates charged distinct offenses that occurred on different dates over a period of several months. And while there was little to no evidence that firearms were used in the commission

of the drug-trafficking itself—the sole remaining valid predicate—there was overwhelming evidence that Mr. Roane's codefendants used firearms in connection with the killings that served as the invalid predicates. JA336, JA921-23, JA955-58, JA977-79, JA1086-88, JA1192-94. It is, therefore, highly likely that the jury never even took up the question of whether Mr. Roane used a firearm in the commission of the § 848(a) offenses at all, because it could so easily have reached a unanimous verdict on one of the other charged predicates. If the jury did consider whether the drug-trafficking itself was committed with use of a firearm, it is unlikely the jurors would have decided that issue unanimously and beyond a reasonable doubt. *See, e.g., United States v. Heyward*, 3 F.4th 75, 84 (2d Cir. 2021) (vacating § 924(c) convictions where valid and invalid predicates were not "inextricably intertwined"); *United States v. Capers*, 20 F.4th 105, 125 (2d Cir. 2021) (vacating § 924(c) conviction where invalid RICO conspiracy and valid narcotics conspiracy predicates were not "intertwined"); *United States v. McClaren*, 13 F.4th 386, 413-14 (5th Cir. 2021) (vacating § 924 convictions where invalid RICO conspiracy predicate "involved acts of violence going beyond the [valid] drug conspiracy"); *Jones*, 935 F.3d at 273 (vacating § 924(c) convictions where "the [invalid] RICO conspiracy offense encompassed conduct beyond the [valid] controlled-substance conspiracy").

Without engaging in any actual harmless error review, the district court simply concluded, without analysis, that "[c]ommon sense dictates that the jury had

at least one of the[] valid predicates in mind when it convicted Defendant on the § 924(c) Counts." JA246. Indeed, the district incorrectly read *Said* as holding that error is always harmless so long as there is at least one valid predicate, as it held that it "need not reach [the] question" of whether the VICAR maiming charge constituted a valid crime of violence predicate since it had already held that the VICAR murder constituted a valid predicate. Of course, this is not what *Said* held. 26 F.4th at 664 ("[W]e do not hold that a challenge such as Said's will never succeed."). When the correct harmless error standard is applied, there is more than a reasonable possibility that Mr. Roane's § 924(c) convictions rested on invalid predicates. *See, e.g., Heyward*, 3 F.4th at 84; *Capers*, 20 F.4th at 125; *McClaren*, 13 F.4th at 413-14; *Jones*, 935 F.3d at 273.

## CONCLUSION AND PRAYER FOR RELIEF

For these reasons, Appellant James H. Roane, Jr., respectfully requests that the Court grant his application for a certificate of appealability and fully address the merits of his claims. In addition, he has shown that, after addressing his claim on the merits, this Court should vacate his § 924(c) convictions and their attendant sentences.

Respectfully submitted,

/s/ Joanne Heisey
Joanne Heisey
Jules Welsh
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Joanne_Heisey@fd.org
Jules_Welsh@fd.org

Counsel for James H. Roane, Jr.

Dated: March 30, 2023

## REQUEST FOR ORAL ARGUMENT

In light of the importance and complexity of the issues presented in this appeal, Appellant James H. Roane, Jr., respectfully requests that this Court hear oral argument.


/s/ Joanne Heisey
Joanne Heisey

**CERTIFICATE OF COMPLIANCE**

  1.  This brief contains 6,870 words, excluding the parts of the brief exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

  2.  This brief complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5).

<br>

           /s/ Joanne Heisey    
           Joanne Heisey

## CERTIFICATE OF SERVICE

I, Joanne Heisey, hereby certify that on this 30th day of March 2023, I

submitted the foregoing for filing with service to:

Richard D. Cooke
Assistant United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219


/s/ Joanne Heisey
Joanne Heisey