# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### Case No. 23-1

_____

THE UNITED STATES OF AMERICA
Plaintiff - Appellee

v.

JAMES H. ROANE, JR.
Defendant - Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION
(NO. 3:92CR68; 3:22CV98)

_____

### REPLY BRIEF FOR APPELLANT

_____

Joanne Heisey
Jules Welsh
Federal Community Defender Office
  for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Joanne_Heisey@fd.org
Jules_Welsh@fd.org

July 17, 2023

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ....................................................................................... ii

ARGUMENT ................................................................................................................ 1

    I.     THE GOVERNMENT'S PROCEDURAL ARGUMENTS ARE MERITLESS. ............................................................................................... 1

    II.    MR. ROANE'S PREDICATE CONVICTIONS UNDER § 1959(a) ARE NOT CRIMES OF VIOLENCE FOLLOWING *DAVIS* AND *BORDEN*. ...................................................................................................... 2

    III.   THERE IS MORE THAN A REASONABLE POSSIBILITY THAT MR. ROANE'S § 924(c) CONVICTIONS RESTED ON INVALID PREDICATES ............................................................................................... 7

CONCLUSION AND PRAYER FOR RELIEF ......................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Borden v. United States*, 141 S. Ct. 1817 (2021)................................................ 1, 3-5

*Descamps v. United States*, 570 U.S. 254, 262 (2013)..............................................4

*In re Thomas*, 988 F.3d 783, 790 (4th Cir. 2021)....................................................2

*Paul v. Superintendent*, No. 2:13-cv-00304, 2022 WL 3043526 (S.D. Ind. Aug. 2, 2022) .................................................................................................................4

*United States v. Davis*, 139 S. Ct. 2319 (2019) .................................................... 1-2

*United States v. Jackson*, 32 F.4th 278 (4th Cir. 2022) .................................1-2, 5-6

*United States v. Manley*, 52 F.4th 143 (4th Cir. 2022).............................................3

*United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019)....................................3

*United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018) .......................................7

*United States v. Said*, 26 F.4th 653 (4th Cir. 2022).............................................. 7-8

*United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012).................................5

**Statutes**

18 U.S.C. § 924(c) ........................................................................................ *passim*

18 U.S.C. § 1959(a) ...................................................................................... *passim*

21 U.S.C. § 846...................................................................................................1, 7

21 U.S.C. § 848(e) ...............................................................................................1, 7

28 U.S.C. § 2255(h) ........................................................................................... 1-2

**ARGUMENT**

Mr. Roane's 18 U.S.C. § 924(c) convictions rested alternately on predicates charged under 18 U.S.C. § 1959(a), 21 U.S.C. § 848(e), and 21 U.S.C. § 846. Section 1959(a), at the very least, is no longer a valid predicate crime of violence following *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Borden v. United States*, 141 S. Ct. 1817 (2021), and because it is impossible to determine which of the predicates the jury relied on in convicting Mr. Roane under § 924(c), the error cannot be harmless.

The Government argues that Mr. Roane's claim is procedurally defaulted and, alternatively, that relief should be denied on the merits. The Government's procedural arguments are foreclosed by this Court's decision in *United States v. Jackson*, 32 F.4th 278, 283 n.3 (4th Cir. 2022), and the Government's merits arguments are equally unavailing. For the reasons stated herein and in his opening brief, Mr. Roane asks that this Court vacate his § 924(c) convictions and their attendant sentences.

## I.     THE GOVERNMENT'S PROCEDURAL ARGUMENTS ARE MERITLESS.

The Government argues that Mr. Roane's claim is procedurally defaulted because he did not raise it before his convictions became final. Government's Brief at 17–18. This argument is groundless and is foreclosed by this Court's decision in *Jackson*. The plain language contained in 28 U.S.C. § 2255(h) lays out the

requirements for the two situations in which successive motions are permitted. Relevant to Mr. Roane's claims, § 2255(h)(2) permits a successive claim if it is based on "(1) [] a new rule of constitutional law (2) made retroactive to cases on collateral review (3) by the Supreme Court (4) that was previously unavailable." *In re Thomas*, 988 F.3d 783, 790 (4th Cir. 2021). This Court has held that "*Davis* announced a new substantive rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court and that was previously unavailable." *Id.* Accordingly, this Court explained in *Jackson* that a petitioner's claim under *Davis* was not barred by procedural default for failure to have raised the issue on direct review. 32 F.4th at 278 n.3. The Government's procedural arguments are meritless and should be rejected under *Jackson* and the plain language of § 2255(h).

## II.     MR. ROANE'S PREDICATE CONVICTIONS UNDER § 1959(a) ARE NOT CRIMES OF VIOLENCE FOLLOWING *DAVIS* AND *BORDEN*.

As Mr. Roane explained in his opening brief, the § 1959(a) "murder" and "maiming" offenses charged here cannot qualify as valid predicate crimes of violence because they were not charged with reference to any particular statute to which the categorical approach could be applied. Opening Brief at 14–16; 19–20. The Government argues that this Court can instead look to any "generic federal offense or [] state offense" to determine whether § 1959(a) qualifies as a valid predicate crime of violence. Government's Brief at 33; *see also id.* at 39 (arguing § 1959(a) qualifies "under any federal generic definition of maiming"). But the

2

Government's argument is foreclosed by the well-established law of this Circuit, which holds that the elements of the underlying state or federal offense must satisfy § 924(c)'s force clause in order for a § 1959(a) offense to qualify as a valid predicate crime of violence. *See, e.g., United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019); *United States v. Manley*, 52 F.4th 143, 148 (4th Cir. 2022). In *Manley*, for instance, this Court rejected Manley's argument that the Court "should not consider the elements of the state statute … to determine whether the VICAR assault offense is a crime of violence because the predicate crime of violence … was VICAR assault, not Virginia assault." 52 F.4th at 148. This Court explained that Manley's argument "overlooks element (4) of VICAR assault, which requires that the assault be 'in violation of the laws of any State or the United States.'" *Id.* (quoting § 1959(a)). Here, because there is no state or federal statute upon which the § 1959(a) offenses were predicated, the § 1959(a) predicates categorically fail to qualify as crimes of violence under § 924(c)'s force clause.

The Government also mischaracterizes Mr. Roane's argument regarding the lack of an underlying state or federal statute as "a freestanding claim of error in jury instructions." Government's Brief at 34; 40. But Mr. Roane has not challenged the validity of the indictment or jury instructions. Rather, he has explained that because there is no statute to analyze, this Court cannot assume that the "murder" and "maiming" charged here satisfy *Borden*'s *mens rea* requirement; therefore, they

3

cannot quality as valid predicates to support Mr. Roane's § 924(c) convictions. Opening Brief at 14–16; *Paul v. Superintendent*, No. 2:13-cv-00304, 2022 WL 3043526 at *7 (S.D. Ind. Aug. 2, 2022) (underlying predicate could not meet *Borden*'s *mens rea* requirement where, as here, the "indictment and jury instructions did not reference—or include the elements of—any statutory offense as a predicate for his § 924(c) charge").

The Government attempts to sidestep this fact by looking to the underlying *Shepard* documents to ascertain what *mens rea* was required here.[1]  *See* Government's Brief at 34–35.  But as Mr. Roane explained in his opening brief, looking to the *Shepard* documents under the modified categorical approach is appropriate only where there is a divisible statute "set[ting] out one or more elements of the offense in the alternative." *Descamps*, 570 U.S. at 257; *see* Opening Brief at 16–18.  And here, there is no divisible statute to which the modified categorical approach might be applied.  Indeed, there is not *any* statute whatsoever.  This Court

---

[1] Indeed, the Government goes even beyond the *Shepard* documents, citing the jury's findings related to *sentencing*.  Government's Brief at 34.  These findings fall well outside the scope of the *Shepard* documents and have no relevance to determining what elements formed the basis of Mr. Roane's convictions. *See Descamps v. United States*, 570 U.S. 254, 262 (2013) (modified categorical approach allows courts "to examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction" (emphasis added)).

must therefore apply the categorical approach and look to "the most innocent conduct" that might be criminalized under "murder." *See United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). And this Court has made clear that not all murders satisfy *Borden*'s *mens rea* requirement. *See, e.g., Jackson*, 32 F.4th at 285 ("Felony murder cannot qualify as a 'crime of violence' because it requires only the *mens rea* necessary to attempt or complete the underlying felony…[which] is not more than recklessness and thus, does not satisfy *Borden*."). Accordingly, Mr. Roane's § 1959 convictions are not "crimes of violence" under *Borden*.

The Government's suggestion that the VICAR statute itself contains an intent element that satisfies *Borden* is equally unavailing. The Government argues that to violate § 1959(a), the defendant must have committed the offense for the purpose of increasing or maintaining his position in the criminal enterprise and that this requirement satisfies *Borden*. Government's Brief at 36. But as Mr. Roane explained in his opening brief, any intent element must attach to the *use of physical force* to satisfy *Borden*. Opening Brief at 18–19. The fact that a defendant may have acted for the purpose of increasing or maintaining his position in the enterprise does not necessarily entail a finding of the intentional or knowing use of force. *See Borden*, 141 S. Ct. at 1830 (explaining that the force clause requires "a deliberate choice of wreaking harm on another"). For instance, a defendant might burglarize a home "for the purpose of increasing or maintaining his position in the criminal

5

enterprise"; if death results in the course of the burglary, such a death would constitute murder but would not entail the knowing or intentional use of force. *See Jackson*, 32 F.4th at 285. In this way, a defendant can satisfy the elements of § 1959(a) without the knowing or intentional use of force.

Finally, as Mr. Roane explained in his opening brief, the § 1959(a) offenses were charged alternately on a conspiracy theory of liability. Opening Brief at 11–13. The Government does not dispute that conspiracy to commit VICAR murder is not a crime of violence. Government's Brief at 37. Rather, the Government argues that Mr. Roane's § 1959(a) convictions were premised on the underlying substantive offenses rather than on conspiracy. Government's Brief at 38. As demonstrated above and in his opening brief, the § 1959(a) convictions fail to qualify as valid predicate crimes of violence even if they rest on the substantive underlying offenses. But moreover, Mr. Roane can show more than a reasonable possibility that the convictions rested on a conspiracy theory of liability. As the Government admits, most of the offenses were committed by Mr. Roane's *codefendants'* use of a firearm. *See* Government's Brief at 49 ("Tipton shot [Douglas Moody] twice in the back."); *id.* at 50 ("*After Roane left the tavern*, Cory Johnson entered and fatally shot Peyton Johnson." (emphasis added)). The Government also claims that Mr. Roane shot Louis Johnson, *id.* at 50, but this is belied by the record JA1087–88 (Cory Johnson and Lance Thomas shot Louis Johnson; Mr. Roane "pulled the trigger but it wouldn't

go off.").  Thus, even if the substantive murder and maiming offenses are valid predicates, Mr. Roane can show more than a reasonable possibility that the § 1959(a) convictions rested on conspiracy, which this Court has held and which the Government concedes is not a crime of violence.  *See United States v. McCollum*, 885 F.3d 300, 307–09 (4th Cir. 2018); Government's Brief at 37.

## III.  THERE IS MORE THAN A REASONABLE POSSIBILITY THAT MR. ROANE'S § 924(c) CONVICTIONS RESTED ON INVALID PREDICATES.

Even if the Government is correct that the § 846 and § 848(e) convictions can still serve as valid predicates, the error in charging § 1959(a) as a predicate is not harmless because it is impossible to ascertain which predicate the jury relied on in convicting Mr. Roane under § 924(c).  In arguing that Mr. Roane cannot demonstrate prejudice, the Government relies heavily on this Court's holding in *United States v. Said*, 26 F.4th 653 (4th Cir. 2022), addressing harmless error review where a § 924(c) conviction rests alternately on valid and invalid predicates.  While the Court there explained that Said was required to show more than a reasonable possibility that the § 924(c) conviction rested on the invalid predicate, it also made clear that it "d[id] not hold that a challenge such as Said's will never succeed." *Id.* at 664.  And as Mr. Roane explained in his opening brief, this case presents a very different factual scenario from that presented in *Said*, in which both the valid and invalid predicates stemmed from a single criminal transaction and were inextricably

7

intertwined. *See id.* at 663 (Said "has not pointed to ways in which those individual charges could be split into valid and invalid predicates.").

Here, by contrast, the predicates were based on distinct acts that occurred on different dates over a period of several months. Thus, unlike in *Said*, the individual charges here can easily "be split into valid and invalid predicates" that the jury could have distinguished in reaching its verdict. At the same time, it is impossible to tell what conduct the jury may have relied on as predicate for the § 924(c) convictions. Mr. Roane's trial was a morass of 33 charges against four codefendants. JA281–303. Indeed, even the Government appears confused about what conduct was attributed to which codefendant. The Government insists that "[i]t is impossible that the jury convicted Roane on [the § 924(c) counts] without finding that he used a firearm in relation to th[e] murders." Government's Brief at 51. But at the same time, the Government admits that it was Mr. Roane's *codefendants*, and not Mr. Roane himself, who used firearms in committing the murders. *See* Government's Brief at 49–50; *see also* JA1087–88. This case thus presents the scenario— acknowledged by this Court in *Said*—in which the erroneous inclusion of invalid predicates is not harmless.

## CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated herein and in his opening brief, Appellant James H. Roane, Jr., respectfully requests that this Court vacate his § 924(c) convictions and their attendant sentences.

Respectfully Submitted,

/s/ Joanne Heisey
Joanne Heisey
Jules Welsh
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Joanne_Heisey@fd.org
Jules_Welsh@fd.org

Counsel for James H. Roane, Jr.

Dated:  July 17, 2023

# CERTIFICATE OF COMPLIANCE

1.  This brief contains 2,050 words, excluding the parts of the brief exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.  This brief complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5).

/s/ Joanne Heisey
Joanne Heisey

**CERTIFICATE OF SERVICE**

I, Joanne Heisey, hereby certify that on this 17th day of July 2023, I submitted

the foregoing for filing with service to:

Richard D. Cooke
Assistant United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219


/s/ Joanne Heisey
Joanne Heisey