



*United States Attorney*
*Eastern District of Virginia*

*Richard D. Cooke*
*919 East Main Street, Suite 1900*
*Richmond, Virginia 23219*
*(804) 819-5471*
*richard.cooke@usdoj.gov*

August 17, 2023

Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

   *Re:* *United States v. James H. Roane, Jr.*, No. 23-1
      Letter under Fed. R. App. P. 28(j)

Dear Ms. Connor:

After the United States submitted its response brief, two circuits joined this Court in holding that second-degree murder offenses satisfy 18 U.S.C. § 924(c)(3)(A), *United States v. Kepler*, 74 F.4th 1292 (10th Cir. 2023) (second-degree murder under 18 U.S.C. § 1111); *Janis v. United States*, 73 F.4th 628 (8th Cir. 2023) (same), and that attempted murder offenses do as well, *Dorsey v. United States*, —F.4th—, 2023 WL 5159582, at *4–5 (9th Cir. Aug. 11, 2023) (attempted killing in violation of 18 U.S.C. § 1512(a)(1); *United States v. States*, 72 F.4th 778, 787–88 (7th Cir. 2023) (attempted murder under 18 U.S.C. §§ 1113–1114). No circuit has rejected this precedent, and thus defendant's murder offenses satisfy § 924(c)(3)(A).

Defendant's predicate offenses include VICAR crimes, and in keeping with the broader approach that the United States defends for analyzing VICAR crimes, the Sixth Circuit recently reaffirmed that VICAR assault with a dangerous weapon, in violation of 18 U.S.C. § 1959(a)(3), satisfies § 924(c)(3)(A), and found that the presence of an invalid predicate was harmless. *Nicholson v. United States*, —F.4th—, 2023 WL 5274557 (6th Cir. Aug. 16, 2023). *Nicholson* is consistent with this Court's ruling in *United States v. Keene*, 955 F.3d 391, 398–99 (4th Cir. 2020), that a defendant's conduct must, under § 1959(a), have "violated both" the "enumerated federal offense as well as a state law offense" or independent federal offense, and appears to address simply generic federal assault with a dangerous weapon in finding § 924(c)(3)(A)

1

satisfied. *Nicholas* also confirmed that "§ 924(c) doesn't require a finding that a defendant himself be the one to use force in a predicate offense[.]" *Id.* at *6.

This Court also reaffirmed recently that the harmlessness inquiry from a putatively invalid predicate for a § 924(c) conviction is reinforced where a defendant procedurally defaulted a challenge to the § 924(c) conviction. *United States v. Draven*, —F.4th—, 2023 WL 5112021 at *6, *10 (4th Cir. Aug. 11, 2023). *Draven* also confirmed that § 924(c)(3)(A) encompasses aiding and abetting liability. *Id.* at *7–*9.

Respectfully,

Jessica D. Aber
United States Attorney

By:        _____/s/_____
Richard D. Cooke
Assistant United States Attorney