# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEFENDER ASSOCIATION OF PHILADELPHIA
FEDERAL COURT DIVISION
### CAPITAL HABEAS UNIT

**LISA EVANS LEWIS**
Chief Federal Defender

The Curtis - Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
Phone: 215.928.0520
Fax: 215.928.0826

**JENNIFER CHICCARINO**
First Assistant

August 28, 2023

Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

**Re: *United States v. Roane*, No. 23-1**

---

**Appellant James H. Roane, Jr.'s, Response to the Government's
Letter under Fed. R. App. P. 28(j)**

---

Dear Ms. Connor:

The Government's supplemental authority is unconvincing.

First, the Government lists statutes that have recently been found to satisfy the force clause of 18 U.S.C. § 924(c). Yet Petitioner was not charged under *any* of these statutes. While courts of appeals continue to identify various acceptable predicates, it does not change the fact that Petitioner's charging documents, jury instructions, and verdict forms all fail to identify a state or federal offense to which this Court can apply the modified categorical analysis. The underlying charge can be defined only as general murder, which encompasses felony murder—a charge that this Court has determined does not satisfy *Borden*.

Second, the Government suggests we look to the Sixth Circuit's harmless error analysis, which asks whether valid and invalid predicates are "inextricably intertwined." *Nicholson v. United States*, —F.4th—, 2023 WL 5274557 (6th Cir. Aug. 16, 2023). Petitioner establishes harmful error here because "the invalid predicate offense encompassed conduct beyond the scope of the valid predicate offense." *Id*.

Finally, the Government points to *United States v. Draven*, —F.4th—, 2023 WL 5112021 (4th Cir. Aug. 11, 2023) to argue that Petitioner defaulted his claim, and therefore must establish cause and prejudice. In *United States v. Jackson*, 32 F.4th 278, 283 & n.3 (4th Cir. 2022), however, this Court held that claims such as Petitioner's are not procedurally defaulted because *Davis*

"established a new rule of constitutional law made retroactive on collateral review."  This Court reaffirmed this principle in *United States v. McKinney*, 60 F.4th 188, 191 n.2 (4th Cir. 2023) ("We note that we have already expressly rejected the Government's procedural-default challenge to a successive § 2255 motion raising a *Davis* claim [in *Jackson*] … It would be odd indeed to reject the Government's procedural-default defense in *Jackson* but not in this case, which also involves a *Davis* claim.")

Furthermore, Petitioner can make a showing of cause and prejudice. In *Draven*, this Court assumed the petitioner could establish cause but failed to show prejudice because his claim lacked merit. *Draven*, 2023 WL 5112021 at *6. Here, Petitioner demonstrates prejudice because his claim has merit.

Respectfully submitted,

/s/ Jules Welsh
Jules Welsh
Federal Community Defender Office
  for the Eastern District of Pennsylvania
Capital Habeas Unit
The Curtis Center, Suite 545 West
601 Walnut Street
Philadelphia, PA  19106
(215) 928-0520

Dated: August 28, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August 2023, a copy of the foregoing document

has been served electronically upon the following person:


Richard D. Cooke
Assistant United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219




/s/ Jules Welsh
Jules Welsh